# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DONALD WARD,
        Plaintiff,

v.                                             Case No. 08C0466

PPG INDUSTRIES, INC.,
        Defendant.

## DECISION AND ORDER

Plaintiff Donald Ward brings this Title VII action against his employer, defendant PPG Industries, Inc., alleging that defendant discriminated against him based on his race (African-American) and retaliated against him for complaining about discrimination by punishing him more severely than other employees for acts of workplace violence. Defendant now moves for summary judgment.

## I. BACKGROUND

Defendant manufactures paint, and plaintiff is employed as a pre-assembler, a position that involves gathering ingredients for batches of paint. In 2003, Gary Lecus, a Caucasian co-worker began criticizing plaintiff's work. Plaintiff states that he perceived Lecus's comments as racially derogatory and that for two years he complained to management to no avail. In 2005, plaintiff complained to management about Lecus's remarks to him regarding an overtime issue. Defendant held a meeting, at which plaintiff made the following statements about Lecus:

    "I will beat the crap out of him—if he keeps harassing me."

    "I've had it. If PPG doesn't do something, I will find him outside of work."

> "If he doesn't leave me alone – I am going to beat the crap out of him – I don't like him and everyone knows this."
>
> "I will take this upon myself if PPG doesn't do something about him. PPG can't save him, and I told the Union that too."

(Prince Aff. ¶¶ 4-8, Ex. A; Justice Aff. ¶¶4-8, Ex. A; Ward Dep. at 36-37.) Plaintiff also stated that he had previously told Lecus that "It you don't stay the hell away from me, I will find you outside of work." (Id.) Defendant issued a warning letter to plaintiff concerning the incident, deeming plaintiff's offense minor. It counseled Lecus on proper communication. Because plaintiff did not commit another offense within six months, defendant removed the offense from his file.

Plaintiff claims that thereafter Lecus attempted to provoke him and on April 27, 2006, accused him of failing to do his job on the previous evening. In response, plaintiff made such statements as "I don't know who you think you're messing with," "You don't want to go there because I can – I can hurt you," "I don't want to hurt you. Not my intent. I don't want to hurt you," "Don't fuck with me. I'm the wrong guy to fuck with," and "I'll probably hurt you. Don't fuck with me." (Ward Dep. pp. 56-62). Plaintiff and Lecus both reported the incident to management and plaintiff told management that it had to do something or he would hurt Lecus. Plaintiff also made loud statements regarding Lecus such as "I'm going to hurt him," (id.), which other employees overheard. Defendant suspended plaintiff for the rest of the day.

On May 1, 2006, defendant determined that plaintiff's threats constituted a major offense. Defendant suspended plaintiff for three days, required him to undergo anger management counseling, transferred him to another department pending a final determination of his status and separated him from Lecus. Defendant's decision was

2

based in part on plaintiff's May 2005 minor offense also involving threats to Lecus. On June 19, 2006, defendant determined that as punishment, plaintiff should be removed from his position and placed in the labor pool, which would involve less pay. However, in lieu of such punishment, defendant offered plaintiff a "last chance agreement" requiring him to submit evidence that he completed anger management counseling and a statement from a medical professional that he did not pose a threat to Lecus or others. Plaintiff signed the last chance agreement under protest, fulfilled the requirements and returned to his position. On May 7, 2007, based on his good conduct, defendant removed the major offense from plaintiff's file.

I will state additional facts in the course of the opinion.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The mere existence of some factual dispute does not defeat a summary judgment motion; the requirement is that there be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. I take the evidence and all reasonable inferences there from in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

3

### III. DISCUSSION

**A.    Discrimination**

Plaintiff seeks to prove discrimination through the indirect burden-shifting method articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). This approach requires him to establish a prima facie case of discrimination by proving that: 1) he is a member of a protected class; 2) he was meeting his employer's legitimate performance expectations; 3) he suffered an adverse employment action; and 4) treated similarly situated employees who were not members of the protected class more favorably. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 142 (2000). If plaintiff establishes a prima facie case, a presumption of discrimination arises. Id. The burden of production then shifts to defendant to provide a legitimate, non-discriminatory reason for the adverse employment action. Id. at 142-43. If defendant provides such a reason, the presumption falls away and plaintiff must demonstrate that defendant's proffered reason for the discipline is dishonest and that the true reason was defendant's discriminatory intent. Faas v. Sears, Roebuck & Co., 532 F.3d 633, 642 (7th Cir. 2008).

In the present case, with respect to the elements of a prima facie case, it is undisputed that plaintiff is a member of a protected class and that he suffered an adverse employment action. And, in a discriminatory discipline case, the legitimate expectations prong essentially drops out of the case. See Elkhatib v. Dunkin Donuts, Inc., 493 F.3d 827, 831 (7th Cir. 2007). Thus, the issue presented is whether defendant disciplined plaintiff more severely than similarly situated Caucasian employees. To establish that it

4

did, plaintiff must show that the comparator employees are similarly situated to him in all material respects. Peele v. Country Mut. Ins. Co., 288 F.3d 319, 330 (7th Cir. 2002).

Plaintiff argues that employees Pat Docter and John Bassman are similarly situated. Docter refused to perform work assigned to him, swore at his supervisor and pushed him. Defendant suspended Docter for ten days and gave him a last chance agreement, requiring that he meet with his supervisor regarding proper conduct and communication. Bassman pushed a co-worker out of an office during a discussion. Defendant deemed his offense major but determined that Bassman was unlikely to commit violence in the future and did not suspend him. Defendant did not require Docter or Bassman to seek counseling or to work separately from the employees that they pushed.

I conclude that plaintiff fails to establish that either Docter or Bassman is similarly situated to him in all material respects. Docter and Bassman engaged in conduct that differed considerably from plaintiff's. Docter and Bassman pushed co-workers during arguments, whereas, plaintiff threatened to seek out a co-worker for the purpose of deliberately physically harming him. Further, plaintiff does not establish that Docter or Bassman acted repeatedly, nor does he present admissible, non-hearsay evidence of continuing animosity between Docter or Bassman and co-workers. In contrast, on at least three separate occasions, plaintiff threatened Lecus multiple times. Because plaintiff fails to satisfy the similarly situated prong of the prima facie case, he fails to establish a prima facie case.

Even if I assume that Docter and Bassman are situated similarly to plaintiff, plaintiff's case fails because he presents no evidence of pretext. The record contains nothing suggesting that defendant's stated reason for the punishment it imposed on

plaintiff, the factual circumstances underlying plaintiff's violation of defendant's policy against workplace violence, is not its real reason. Plaintiff presents no evidence suggesting that defendant did not honestly believe that his angry and repeated threats in front of co-workers and supervisors suggested a greater likelihood that he would commit an act of violence in the future than did the conduct of Docter or Bassman and that unlike Docter or Bassman, plaintiff needed anger management counseling and to be separated from the co-worker in question. Plaintiff argues that defendant wrongly considered the May 2005 minor offense that had been removed from his record. However, nothing in defendant's progressive discipline policy prohibited defendant from considering previous aggressive behavior towards Lecus. Finally, plaintiff argues that his threats were empty exaggerations. However, even assuming this is true, it does not suggest pretext. This is so because plaintiff presents no evidence suggesting that defendant knew that plaintiff was exaggerating and/or that it did not have to take his threats seriously.

**B.   Retaliation**

Plaintiff also relies on the indirect burden-shifting method to prove retaliation. To establish a prima facie case of retaliation, plaintiff must show that 1) after lodging a complaint about discrimination, 2) only he, and not any otherwise similarly situated employee who did not complain, was 3) subjected to an adverse employment action even though 4) he was performing his job in a satisfactory manner. Johnson v. Cambridge Industries, Inc., 325 F.3d 892, 897 (7th Cir. 2003). Even assuming that plaintiff establishes that he engaged in protected activity, his retaliation claim fails for the same reasons as his discrimination claim. As discussed above, plaintiff's proposed comparators, Docter and Bassman, are not similarly situated. Likewise, even if plaintiff could demonstrate a prima

6

facie case of retaliation, the record contains no evidence that defendant's explanation for its action was a pretext for retaliation.

### IV.  CONCLUSION

Therefore,

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 2 day of August, 2010.

/s_____
LYNN ADELMAN
District Judge